13-1768

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| KENDALL REID AND BRADLEY SEARS,<br>Plaintiffs- Appellants,<br><br>v.<br><br>NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA,<br>Defendant-Appellee. | On Appeal from the US District Court for the Northern District of Illinois<br><br><br><br>There heard as Case No. 11-cv-08683<br><br>Hon. Judge Amy J. St. Eve<br>Date of Order Appealed from: 3/14/13<br>Date of Notice of Appeal: 4/11/13 |

## AMENDED CIRCUIT RULE 3(c) DOCKETING STATEMENT

Now Comes the Plaintiffs, KENDALL REID and BRADLEY SEARS, by and through their attorneys, Michael Lee Tinaglia and the Law Offices of Michael Lee Tinaglia, Ltd. and furnishes the following in compliance with Circuit Rule 3(c) of the United States Court of Appeals for the Seventh Circuit:

    A.    <u>DISTRICT COURT JURISDICTION</u>.  The jurisdiction of the District Court was based upon diversity of citizenship pursuant to Title 28, Unites States Code, Section 1332 and Section 1441, there being complete diversity between both Plaintiffs and the Defendant. Specifically:

        1.    On or about November 2, 2011, Plaintiffs-Appellants, Kendall Reid and Bradley Sears filed a lawsuit against Defendant-Appellee, Neighborhood Assistance Corporation of America ("NACA") in the Circuit Court for Cook County, Illinois, entitled

*Kendall Reid and Bradley Sears v. Neighborhood Assistance Corporation of America,* Case No. 11 L 11397.

      2.      In accordance with 28 U.S.C. § 1446, Defendant-Appellee, NACA filed a Notice of Removal within thirty (30) days of it being serviced with Summons and Complaint.

      3.      Both Kendall Reid and Bradley Sears reside and are domiciled in Illinois and are therefore citizens of the State of Illinois. *(See* Compl. ¶¶ 1, 4) and *Davis v. Carter, et al.,* 61 Fed. Appx. 277, 278 (7th Cir. 2003) (noting that citizenship is analogous to domicile).

      4.      Defendant-Appellee, NACA is a corporation organized under the laws of the State of Massachusetts and whose principal place of business is in Massachusetts. *(See* Notice of Removal (ECF Doc No. 1), Compl. ¶ 7 and 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")).

      5.      The amount in controversy in this case exceeds $75,000. In their complaint each Plaintiff sought an amount "in excess of $50,000," and damages without limitation for "lost income, benefits, emotional distress and damage to [their] reputation." (*See* ECF Doc. No. 1; Compl. ¶¶ 42, 54.) The foregoing damages push the amount in controversy over $75,000. *See Carroll v. Stryker Corp.,* 658 F.3d 675, 681 (7th Cir. 2011) (including wages and benefits toward the $75,000 amount in controversy threshold for diversity jurisdiction); *see also, e.g., Paddack v. Life Ins. Co. of N. Am.,* 4:09-CV-25, 2009 U.S. Dist. LEXIS 75032, at * 17 (N.D. Ind. Aug. 24, 2009) (including damages for financial losses and emotional distress toward the $75,000 amount in controversy requirement); *see*

*also Hoidas v. Wal-Mart Stores, Inc.,* No. 09 C 7409, 2010 U.S. Dist. LEXIS 43558, at *7-8 (N.D. Ill. April 30, 2010) (amount in controversy satisfied where plaintiff alleged that she sought more than $50,000, and alleged damages for medical expenses and pain and suffering).

   6. Plaintiffs also seek punitive damages and attorney's fees. Punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law. *Baradulina v. Seven Colors,* No. 10 C 5802, 2010 U.S. Dist. LEXIS 107276, at 3 (N.D. Ill. Oct. 7, 2010). Similarly, attorney's fees will count towards the amount in controversy requirement "exclusive of interests and costs." (*See Brandt v. Brotherhood's Relief and Compensation Fund,* 07 C 2204, 2007, U.S. Dist. LEXIS 53783, at 5.)

   B. APPELLATE JURISDICTION.

   1. The United States Court of Appeals for the Seventh Circuit has jurisdiction pursuant Title 28, Unites States Code, Section 1391 (b) which allows appeal after entry of a final judgment or order.

   2. On March 14, 2013 a MEMORANDUM OPINION AND ORDER (Document No. 71) granted summary judgment to Defendant and against Plaintiffs.

   3. On March 14, 2013, a FINAL JUDGMENT (ECF Doc. No. 72) entered in favor of NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA and against KENDALL REID and BRADLEY SEARS.

   4. The Plaintiffs, KENDALL REID and BRADLEY SEARS filed a timely NOTICE OF APPEAL (ECF Doc. No. 73) on April 11, 2013 in the U.S. District Court for the Northern District of Illinois.

Dated:  April 23, 2013

          KENDALL REID and BRADLEY SEARS,
          Plaintiffs,

         BY: /Michael Lee Tinaglia/
           One of Their Attorneys


Michael Lee Tinaglia, Esq.
LAW OFFICES OF MICHAEL LEE TINAGLIA, LTD.
Attorneys for Plaintiff
9700 W. Higgins Rd. #1015
Rosemont, Illinois 60018
Phone: (847) 692-0421
Fax (847) 685-8440
mltinaglia@tinaglialaw.com

## **CERTIFICATE OF SERVICE**

      I, Michael Lee Tinaglia, an attorney hereby certifies that on April 23, 2013, I served this AMENDED CIRCUIT RULE 3(c) DOCKETING STATEMENT via ECF to those parties who have consented to electronic notice and filing and via email transmission.

                                                     By: s/Michael Lee Tinaglia

MICHAEL LEE TINAGLIA
Law Offices of Michael Lee Tinaglia, Ltd.
9700 West Higgins Road - Suite 1015
Rosemont, Illinois 60018
Phone: (847) 692-0421
Fax: (847) 685-8440
ARDC #2835886
mltinaglia@tinaglialaw.com